UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                           Plaintiff,
                                             **DECISION AND ORDER**
      v.                                               18-CR-139-A

D'MARIO CAESAR,

                           Defendant.
_____

After the close of pretrial proceedings, and as this case was about to be scheduled for trial, newly-retained legal counsel appeared in the place of previously-assigned legal counsel with whom the defendant, D'Mario Caesar, had stopped communicating. *See* 8/02/2019 minute entry; 11/26/2019 minute entry; Dkt. No. 62. New counsel for defendant Caesar filed a motion seeking permission to supplement earlier-decided pretrial motions. Dkt. No. 63.

The Court gave defendant Caesar permission to file proposed supplemental submissions subject to a determination by the Court whether adequate cause existed to excuse their late filing after pretrial proceedings had closed and as the case was about to be set for trial. Dkt. No. 65. The Court heard oral argument June 18, 2020. For the reasons stated below, the defendant's supplemental arguments, including his requests to re-argue, are denied.

## DISCUSSION

The Court previously ruled that defendant Caesar failed to carry a threshold burden to establish Fourth Amendment standing necessary to contest seizures of evidence from premises at and near 203 May Street, Buffalo, New York, and 1040

Delaware Avenue, Apt. 101, Buffalo, New York.  Dkt. No. 45.  The defendant makes no new attempt to establish standing in those premises in support of his request to supplement and reargue his previously-decided motions relating to the suppression of evidence.  While he argues that he has "automatic" standing, that argument is contrary to law.  A residence has special status under the Fourth Amendment, *see e.g.*, *Payton v. New York*, 445 U.S. 573, 589 (1980), but Fourth Amendment standing to challenge the search of a residence is neither automatic nor presumed.  *See e.g.*, *United States v. Watson*, 404 F.3d 163 (2d Cir. 2005).  Finally, the defendant makes no argument that the Court's prior rulings that he failed to establish standing were incorrect under existing law.  Because the defendant fails again to establish Fourth Amendment standing, none of the arguments that he now seeks to advance, or to re-argue, which all pertain to seizures from premises at 203 May Street, have merit.  Accordingly, the defendant's supplemental arguments and his requests to re-argue, Dkt. No. 66, are all denied.

   Counsel shall appear to set a date for trial and for a status conference on August 4, 2020 at 11:00 a.m.  Counsel shall be prepared to summarize for the Court the proceedings on potential attorney conflicts of interest that concluded before the Magistrate Judge on July 28, 2020.

   **IT IS SO ORDERED.**

                   __*s/Richard J. Arcara*__
                 HONORABLE RICHARD J. ARCARA
                 UNITED STATES DISTRICT COURT

Dated:  August 3, 2020